1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>REZA TABATABAI, et al., )<br><br>Defendant. )<br> ) | CASE NO. CR 05-00744 MMM<br>CV 11-00035 MMM<br><br><br><br>ORDER RE MOTION FOR RETURN OF<br>PROPERTY |

12

13

14

15

16

17

18

### I.  PROCEDURAL BACKGROUND

19

20

21

On January 14, 2011, defendant Reza Tabatabai filed an *ex parte* motion for return of seized property.  In his motion, defendant seeks the return of property seized during a July 2005 search of his home, such that he can prepare "adequate and applicable post trial remedies."[1]

22

23

24

25

26

27

28

---

[1] *Ex Parte* Motion of *Pro Se* Petitioner for Return of his Personal Properties Seized Upon His Arrest on July 19, 2005 ("Motion"), Docket No. 520 (Jan. 14, 2011) at 5.  In his motion, defendant alleges that the government committed several constitutional violations by failing to produce discovery and exculpatory material prior to, and during, trial. (See, e.g., Motion at 4 ("Petitioner in *pro se* has been continuously suffering from many violations of his due process rights as well as violations of his other constitutional rights throughout the entire proceedings since the inception of his case on July 19, 2005, until present time").)  Defendant previously raised these issues in a motion for a new trial, (Motion for New Trial and Points and Authorities in Support Thereof ("Motion for New Trial"), Docket No. 347 (June 22, 2007) at 4)), and the court

1 Defendant asserts that the seized items consist of "(a) critical exculpatory information, evidence,

2 and documents which are essential for the petitioner pertaining to his ongoing legal proceeding

3 . . . ,"[2] "(b) personal property of the family which was not relevant to this instant case . . . ,"[3]

4 and "some official documents and personal items, [including] petitioner's driving license."[4]

5

6 rejected them. (Minutes of Evidentiary Hearing ("Minutes"), Docket No. 404, (Feb. 29, 2008).)

7 Although his motion is not entirely clear, defendant does not appear to be reasserting these claims
in the instant motion for return of property; to the extent he seeks to renew the arguments,

8 however, the court notes that an *ex parte* motion for return of property is not the appropriate

9 vehicle to attack his conviction or sentence collaterally. See *Lorentsen v. Hood*, 223 F.3d 950,
953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which

10 a federal prisoner may test the legality of detention"). Likewise, to the extent defendant contends

11 he did not receive copies of the property at issue in discovery, he raised this issue in his motion
for a new trial, and it was rejected. (Motion for New Trial at 6; Minutes.) Defendant did not

12 raise any issues related to alleged discovery violations on appeal. (See *United States v. Tabatabai*,

13 370 Fed.Appx. 845, 2010 WL 882871, *1 (9th Cir. Mar. 11, 2010).) For these reasons, the
arguments are not properly before the court in the context of the pending motion.

14 Relatedly, in his reply, defendant requests an evidentiary hearing. (*Pro Se* Petitioner's
Reply to Government's Response to his *Ex Parte* Motion for Return of his Personal Property

15 ("Reply"), Docket No. 540 (June 14, 2010) at 27). Rule 41(g) provides that the court shall take

16 evidence on any disputed issue of fact. Whether to hold an evidentiary hearing (as opposed to
considering evidence via declaration or affidavit) is a matter within the court's discretion. See

17 *Center Art Galleries-Hawaii v. United States*, 875 F.2d 747, 754 (9th Cir. 1989) ("The

18 government contends the district court erred by not holding an evidentiary hearing on the good
faith issue. We review a decision not to hold an evidentiary hearing on a motion to suppress for

19 abuse of discretion"), superseded by statute as recognized in *J.B. Manning Corp. v. United States*,

20 86 F.3d 926 (9th Cir. 1996). See also *Stancil v. United States*, 978 F.2d 716, 1992 WL 318700,
* 2 (9th Cir. 1992) ("The district court denied Stancil's motion without a hearing and without

21 requiring the government to respond. The court's decision not to hold an evidentiary hearing is

22 reviewed for an abuse of discretion"). Defendant requests an evidentiary hearing to decide the
legal merit of his motion. He does not identify disputed issues of fact, or evidence he seeks to

23 offer. In the absence of disputed factual issues, an evidentiary hearing is unwarranted. The court
therefore declines to hold an evidentiary hearing.

24

25 [2]Motion at 2-3.

26 [3]*Id*. at 4. Defendant states that the personal property includes his father's "will" and "diary
book" written before his death in 1980, family pictures, computers, phone books, photo albums,

27 and other personal belongings. (*Id*.)

28 [4]*Id*.

1  Defendant seeks return of the property under Rule 41(g) of the Federal Rules of Criminal

2  Procedure.

3       The government opposes defendant's motion.  It asserts that because the case against many

4  of defendant's co-defendants and co-conspirators is ongoing, and because "the government's need

5  for the property as evidence against the remaining defendants continues," defendant is not entitled

6  to return of the property at issue.[5]  *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)

7  (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).  In addition,

8  the government asserts that "to the extent that defendant requires the property to prepare post-trial

9  motions, defendant has already received copies of the property seized, as the government has

10 already received copies of the [disputed] property."[6]

11

12           **II.  FACTUAL BACKGROUND**

13      On July 19, 2005, agents with the Federal Bureau of Investigations (FBI) executed a search

14 warrant at defendant's Beverly Hills home.[7]  During the search, agents seized approximately ten

15 boxes of evidence consisting primarily of bank records and financial documents.[8]  Hard copies of

16 the records were produced to each of defendant's three sets of defense counsel.[9]  In addition, the

17 government recopied and reproduced the records to defendant prior to trial, in the form of

18 compact disks containing approximately 31,000 pages of discovery.[10]

19

20

21    [5]Government's Response to Defendant Tabatabai's Ex Parte Motion for Return of his
Personal Properties Seized Upon his Arrest on July 19, 2005 ("Response"), Docket No. 527 (Feb.

22 23, 2011).

23    [6]*Id*. at 1.

24    [7]*Id*. at 2.

25    [8]*Id*.

26    [9]*Id*.

27
   [10]*Id*.  Defendant does not deny receipt of these materials; indeed, defendant manually filed

28 the compact discs produced by the government as attachments to his motion.

1    On July 25, 2006, following a twelve day bench trial at which defendant represented

2  himself *pro se*, the court found defendant guilty on all counts of a 55-count second superceding

3  indictment that charged defendant and co-conspirators Edmond Masjedi, Touraj Benshian, Masoud

4  Rahmani, and Masoud Sabet with conspiracy, interstate transportation of fraudulently obtained

5  property, mail fraud, wire fraud, conspiracy to commit money laundering, and causing an act to

6  be done.[11]

7    Defendant's convictions stemmed from his participation in a large-scale fraud scheme in

8  which he and co-defendants Masjedi, Benshian, Rahmani, and Sabet assumed control of several

9  businesses and their lines of credit; expanded the lines of credit; obtained large volumes of

10  merchandise; and, ultimately, failed to pay the manufacturers of the merchandise for the goods

11  obtained.[12]

12    On August 11, 2008, defendant was sentenced to eighty-seven months in custody, to be

13  followed by a three year period of supervised release.  He was also ordered to pay a special

14  assessment of $5,500 and restitution in the amount of $2,235,801.22.[13]

15    Thus far, defendant and co-defendants Touraj Benshian and Edmond Masjedi are the only

16  named defendants who have been convicted.[14]  Two additional co-defendants – Masoud Sabet and

17  Masoud Rahmani appear to be fugitives.  Proceedings against them have not been dismissed.

18

19

20

21

22

23

---

24    [11]*Id.* at 2-3; Findings of Fact and Verdict, Docket No. 265 (July 25, 2006) at 1-10.

25    [12]Response at 3.

26    [13]*Id.*; Criminal Minutes - Sentencing and Judgment, Docket No. 434 (Aug. 11, 2008);
27  Judgement and Commitment/Probation Order, Docket No. 435 (Aug. 12, 2008).

28    [14]Response at 3.

### III.  DISCUSSION

**A.      Rule 41(g) Legal Standard Governing Return of Property**

Rule 41(g) of the Federal Rules of Criminal Procedure[15] provides that:

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . .  If [the court] grants the motion, [it] must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."  FED.R.CRIM.PROC. 41(g).

"Generally, a Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'"  *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).  "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence" and the government has no other "legitimate reason to retain [it]."  *Mills*, 991 F.2d at 612 (quoting *Van Cauwenberghe*, 934 F.2d at 1061; *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).

Thus, if the government no longer needs the property for evidentiary purposes, it has the burden of showing "that it has [another] legitimate reason to retain the property."  *Mills*, 991 F.2d at 612 (quoting *Van Cauwenberghe*, 934 F.2d at 1061; *Martinson*, 809 F.2d at 1369).  See also *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008) ("[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, the burden of proof changes.  The person from whom the property is seized is presumed to have a right to its return,

---

[15]"The 2002 amendments redesignated the subsection on motions for return of property from Rule 41(e) to Rule 41(g) without substantive change to the Rule, and courts have applied case law concerning former Rule 41(e) to the current Rule 41(g)."  Wright, King, Klein & Welling, 3A Federal Practice and Procedure Criminal 3d § 673 n. 3.1.  See also, e.g., *United States v. Gotti*, 244 F.Supp.2d 120, 122-24 (E.D.N.Y. 2003) (providing an overview of former Rule 41(e) and current Rules 41(g) and (h)).

1   and the government has the burden of demonstrating that it has a legitimate reason to retain the

2   property . . . .," quoting *Martinson*, 809 F.2d at 1369 (citations omitted)); *Mills*, 991 F.2d at 612

3   ("The government may meet this burden by demonstrating a 'cognizable claim of ownership or right

4   to possession adverse to that of the defendant'"), quoting *United States v. Palmer*, 565 F.2d 1063,

5   1065 (9th Cir. 1977).

6          If, however, "a motion for return of property is made while a criminal investigation is

7   pending, the burden is on the movant to show that he is entitled to the property."  *Gotti*, 244

8   F.Supp.2d at 124 (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999); *Van*

9   *Cauwenberghe*, 934 F.2d at 1061; *Martinson*, 809 F.2d at 1369) ("If a motion for return of

10  property is made while a criminal investigation is pending, the burden is on the movant to show

11  that he is entitled to the property" (citations and internal quotation marks omitted)).  Thus, if the

12  government asserts, as it does here, that the disputed property is needed for evidentiary purposes

13  in an ongoing prosecution of a co-defendant, the movant has the burden of showing, by a

14  preponderance of the evidence, that the government does not, in fact, actually need the property

15  for that purpose.  See *Gotti*, 244 F.Supp.2d at 124.

16          **B.      Personal Property**

17                  **1.      31,000 Pages Previously Produced on the Four Compact Disks**

18          In his motion for a new trial, defendant conceded that, in May 2006, he received from the

19  government four compact disks containing approximately 31,000 pages of documents that it had

20  seized from defendant's home on July 19, 2005.[16]  The government asserts that "since at least May

21  of 2006, when the government recopied and reproduced nearly 31,000 pages of discovery in [a]

22  format that permitted defendant to view it at the Metropolitan Detention Center, defendant has

23  been able to freely view and study all of the evidence in this case, including the property at

24  issue."[17]  Although the government presumably retains the original copies of the documents

25  reproduced on the four disks, it asserts it is entitled to retain the originals for evidentiary purposes

26  _____

27          [16]Motion for New Trial at 6.

28          [17]Response at 5.

6

1  because its case against certain co-defendants remains ongoing.[18]  Because defendant proffers no

2  evidence contradicting the government's assertion, he has not met his burden of showing that the

3  government does not, in fact, need the disputed documents.  Further, even if the defendant had

4  met his burden, the court notes that the government has already produced copies of the documents

5  to defendant that he can use for post-conviction proceedings;[19] this eliminates any possibility of

6  prejudice to defendant due to the fact that the government retains the originals.[20]  Accordingly,

7  defendant's motion, as to the approximately 31,000 pages of evidence on the four compact disks,

8  is denied.  See *United States v. Geekie*, No. 08-CR-20064, 2009 WL 2413883, *1-3 (C.D. Ill.

9  Aug. 4, 2009) ("As to the Rule 41(g) request for return of property, the government notes that

10  Defendant alleges he is aggrieved by the deprivation of his property.  The government argues that

11  Defendant's allegations are conclusory and do not explain or specify why the inspection and

12  copying of the seized items is insufficient and the return of the items is necessary for his defense.

13  The government argues that since the prosecution is ongoing, it is reasonable for the government

14  to retain the seized items and that Defendant's motion should be denied. . . .   Here, the

---

16     [18]*Id.* at 3.

17     [19]Response at 2.

19     [20]In 1989, Rule 41(g) was amended to add the following sentence: "If it grants the motion,
20  the court must return the property to the movant, but may impose reasonable conditions to protect
    access to the property and its use in later proceedings."  *In re Search of 4011 East Broadway
    Boulevard, Suite 101, Tuscon, AZ*, No. CV06-001492 TUCDCBCR, 2006 WL 2989209, *2 (D.
21  Ariz. 2006).  "This new language highlighted a new approach the courts were to take on these
22  motions as explained by the Advisory Committee Notes for the 1989 amendments: As amended,
    Rule 41(e) avoids an all or nothing approach whereby the government must either return records
23  and make no copies or keep originals notwithstanding the hardship to their owner.  The amended
    rule recognizes that reasonable accommodations might protect both the law enforcement interests
24  of the United States and the property rights of property owners and holders.  In many instances
25  documents and records that are relevant to ongoing or contemplated investigations and
    prosecutions may be returned to their owner as long as the government preserves a copy for future
26  use.  In some circumstances, however, equitable considerations might justify an order requiring
    the government to return or destroy all copies of records that it has seized. See, e.g., *Paton v. La
27  Prade*, 524 F.2d 862, 867-69 (3rd Cir. 1975).  The amended rule contemplates judicial action that
28  will respect both possessory and law enforcement interests." (*Id.*)

1  government has offered Defendant and his counsel access to seized items for inspection and to

2  help prepare a defense.  Further, Defendant has not articulated or specified why he needs the

3  property back and why the ability to inspect, copy, or photograph the seized items would be

4  insufficient.  Therefore, Defendant's Motion for Return of Property (# 18) is DENIED")  See also

5  *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977) ("The general rule is that seized

6  property, other than contraband, should be returned to its rightful owner *once the criminal*

7  *proceedings have terminated*" (emphasis added)); *United States v. Rodriguez-Aguirre*, 264 F.3d

8  1195, 1212 (10th Cir. 2001) (same); *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304 (5th

9  Cir. 1990) (same); *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979) (same).

10  **2.      Items Not Previously Produced on the Four Compact Disks**

11      As noted, if the government has a legitimate need for defendant's property in a continuing

12  case, the defendant must show, by a preponderance of the evidence, that the property is not

13  needed for evidentiary purposes, or for any other legitimate purpose, in the ongoing prosecution

14  of a co-defendant.  In his reply, defendant asserts that the government never returned a large

15  number of the items taken from his home on July 19, 2005.[21]  Specifically, defendant asserts that

16  the government failed to produce items including cellular telephones, computers, memory sticks,

17  a rolodex, credit cards, credit card statements, a passport, a business organizer, real estate

18  records, photographs, and escrow documents.[22]  Defendant has not demonstrated that these items

19  are unrelated to the criminal proceedings, or explained why they are not needed as evidence.

20  Consequently, he has failed to meet his burden of proof.  See *United States v. Podlog*, No.

21  96-1575, 1997 WL 138472 (Table), *1-2 (2d Cir. Mar. 21, 1997) (Unpub. Disp.) ("On January

22  4, 1996, Podlog moved pursuant to Fed. R. Crim. P. 41[(g)] for the return of property seized

23  during the search of his apartment.  Among the items sought by Podlog were the credit cards

24

25      [21]Reply in support of *Ex Parte* Motion for Return of Property, Docket No. 540 (June 14,
    2011) ("Reply") at 7.
26

27      [22] *Id*. at 11-17.  There is nothing about the nature of these items that would make it
    presumptively unreasonable for the government to wish to retain them for use against the co-
28  defendants.

1    Podlog had alleged were stolen by the government.  The district court denied Podlog's motion,

2    finding that the non-credit cards items were needed by the government in the upcoming trial of

3    one of Podlog's co-conspirators, and that there was no new evidence with respect to the credit

4    card claim.  We . . . hold that the district court properly denied Podlog's motion with respect to

5    the non-credit card property.  The district court found that the property was needed by the

6    government in another criminal prosecution.  It is well established that this constitutes a legitimate

7    justification to retain possession of an individual's property"); *United States  v.  Williams*, 181

8    F.Supp.2d 267, 300-01 (S.D.N.Y. 2001) ("Xavier Williams now requests that we order the

9    Government to return these items to him pursuant to Federal Rule of Criminal Procedure 41[(g)].

10   . . . The Government represents that 'the money and jewelry . . . is evidence that will be offered

11   at trial' to prove that the defendants were engaged in a lucrative narcotics trafficking business, and

12   that the religious beads will be 'offered to corroborate other evidence at trial.' . . .  Since the

13   Government does intend to use this evidence at trial, we decline to order it to use photographs or

14   stipulations in place of the authentic materials it seized . . . .  The motion is, therefore, denied").

15          The court notes, however, that certain items on the inventory submitted appear to have a

16   tenuous connection to further litigation against the co-defendants.  As examples, Control #13

17   includes a copy of the passport of defendant's fiancé, Control #16 is defendant's passport, and

18   Control #33 is an unidentified photo.  Certain other descriptions of the property seized make it

19   impossible for the court to ascertain whether the items have evidentiary value (e.g., Control #20

20   – "foreign language documents" and Control #35 – "documents in foreign language").  The court

21   therefore directs the government to make a detailed response, control number by control number,

22   as to whether the property is evidence in the ongoing case against the remaining two co-

23   defendants.  The government is further directed to state whether it intends to pursue the case

24   against the remaining co-defendants and address how their apparent fugitive status impacts

25   resolution of defendant's Rule 41(g) motion.

26

27                                    **IV.  CONCLUSION**

28          For the reasons stated, the court defers ruling on defendant's motion for return of property

                                              9

1  until the government provides the further information described above.  The government is

2  directed to file a pleading setting forth in the information requested by the court no later than **June**

3  **10, 2013.**

4

5  DATED: May 14, 2013

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28